IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KAREN WEATHERMAN and CHARLES WEATHERMAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 05-0945-CV-W-ODS |
| FORD MOTOR COMPANY, | ) ) | |
| Defendant/Third Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| ALLIED SYSTEMS, LTD. and ALLIED AUTOMOTIVE GROUP, INC., | ) ) ) | |
| Third Party Defendants. | ) | |

ORDER AND OPINION DISMISSING CASE WITHOUT PREJUDICE

Pending is Defendant's Motion for Summary Judgment. The Court agrees with Defendant's legal arguments but concludes they justify dismissal without prejudice and not judgment in Defendant's favor.


I. BACKGROUND


Defendant operates an automobile plant in Claycomo, Missouri, where cars are assembled and prepared for shipment. Defendant contracted with Allied Systems, Ltd. and Allied Automotive Group, Inc. (collectively "Allied") to transport the newly-manufactured automobiles off the premises.[1] Plaintiff Karen Weatherman was

---

[1]Plaintiffs profess a lack of information about the contractual relationship between Defendant and Allied. As will be discussed later, the issue at hand is jurisdictional in nature so the Court is empowered to assess the facts on its own. In any event, the contract was attached as an exhibit to Defendant's Third Party Complaint filed on April 14, 2006, and Allied (the third party defendant) admitted entering the contract with Defendant. The Court also doubts Allied arranged for its employees to perform work for

employed by Allied, and on February 3, 2004, she was assigned to a "pull crew" at Defendant's plant. "[W]hile performing her job-related duties [Ms. Weatherman] reached into a vehicle and her legs slipped out from underneath her" and suffered injuries. Complaint, ¶¶ 5, 7. She attributes her fall to the fact that "she was forced to stand [on] hard pavement covered with ice and snow." Complaint, ¶ 6.[2]

## II. DISCUSSION

Defendant contends it was Ms. Weatherman's statutory employer under Missouri's Workers' Compensation Law ("WCL"), and therefore courts lack jurisdiction over Plaintiffs' claims. The Court agrees.

Missouri's WCL prohibits certain types of claims from being filed in court, and Missouri Courts treat these prohibitions as jurisdictional limits. Simpson v. Thomure, 484 F.3d 1081, 1085 (8th Cir. 2007). This Court can have jurisdiction in this case only if a Missouri state court would have jurisdiction to hear the matter, so the Court must determine whether Plaintiffs' claims are barred by the WCL. This issue is not typically submitted to the jury; a jury question is created only if there is a bona fide dispute as to whether the injury occurred while performing duties called for by the contract between the plaintiff's employer and the defendant, Rubio v. Home Depot, U.S.A., Inc., 188 S.W.3d 26, 29 (Mo. Ct. App. 2006), and no such dispute is present in this case.

At the time of the incident, Missouri law provided as follows:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer . . . .

---

Defendant gratuitously.

[2]Ms. Weatherman's husband is also a plaintiff in this case. However, his claims for loss of consortium are derivative of his wife's claims, so if her claims are dismissed his must be as well. E.g., Bosch v. St. Louis Healthcare Network, 41 S.W.3d 462, 465 (Mo. 2001) (en banc).

2

Mo. Rev. Stat. § 287.040.1. Missouri courts recognize this provision describes a situation in which (1) the work is performed pursuant to a contract between the defendant and the plaintiff's actual employer, (2) the injury occurred on the defendant's property, and (3) "the work is in the usual course of business of the alleged statutory employer." Bass v. National Super Markets, Inc., 911 S.W.2d 617, 619-20 (Mo. 1995) (en banc). Plaintiffs concede the injury occurred on Defendant's premises, but dispute the other two requirements.

Plaintiffs first argue there is insufficient evidence that the work was performed pursuant to a contract between Allied and Defendant, but her arguments do not create a bona fide dispute on this point. Ms. Weatherman began working for Allied in May 2002, and throughout that time she worked at Defendant's facility. She does not deny the *existence* of the contract between Defendant and her employer – so if she was not performing duties pursuant to that contract, why was she on Defendant's premises for two years aiding in the transportation of Defendant's cars from the premises? Plaintiffs' protests are insufficient to create a viable issue, and the Court concludes she was performing work called for by the contract between Defendant and Allied.

Plaintiffs' second, and primary, argument is that the work contemplated by the contract is not work that is "usually and customarily" performed by Defendant because other union contracts prohibit Defendant's employees from performing the work of the contract. Plaintiffs' argument is illogical; if a car manufacturer does not "usually and customarily" remove cars from the place where they are manufactured, why would the manufacturer bother making cars? Common sense dictates that a customary and usual part of a manufacturer's business involves delivery of the manufactured goods to a retailer, buyer, or other location for sale.

More importantly, Plaintiffs' argument is not supported in the law.

> [A] putative employer's "usual business" as used in section 287.040 [are] those activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement.

3

Id. at 621.  Plaintiffs contend the fourth component is not satisfied because Defendant's union contracts bar it from hiring permanent employees to perform the tasks in question. This represents an unduly narrow interpretation of the Missouri Supreme Court's decision.  In Bass, a supermarket contracted with the plaintiffs' employer for "nightly cleaning as well as periodic stripping and waxing" of the floors.  Id. at 621.  "Absent its contract with BBI, National would have had either to assign floor care duties to its staff or to hire a staff specifically to maintain its floors.  This is because regulations of the Department of Health" required such activity.  Id. at 622.  Thus, Defendant need not demonstrate its current employees would be assigned the tasks at issue; it is enough if the task is so important to the business that Defendant would have to hire someone to do the task.  Even if Defendant's current employees cannot be ordered to do the work, Defendant would need the task performed by someone and would be compelled to obtain labor from some source.  The proper focus is on the nature of the work and whether it is the type of task that must be performed; the available alternatives for getting the work done are not the proper focus.  Cf. Horner v. Hammons, 916 S.W.2d 810, 817 (Mo. Ct. App. 1995) (structural steel erection is essential aspect of business for general contractor building a hotel).  Plainly, Defendant needed – and would have found – some way to transport the newly-manufactured cars off its property; therefore, removing cars from the property is a usual and customary part of Defendant's business.

Defendant seeks summary judgment in its favor, but this is not the correct outcome when a plaintiff's claims are barred by the WCL's exclusivity provisions.  As noted, the WCL imposes a barrier to jurisdiction that is usually raised through a motion to dismiss.  See Simpson, 484 F.3d at 1085.  Plaintiffs retain the option of pursuing their remedies under the WCL by applying to the Workers Compensation Division.[3]  This option's existence indicates dismissal without prejudice is the appropriate outcome here. E.g., Cahalan v. Rohan, 423 F.3d 815, 818-19 (8th Cir. 2005) (applying Minnesota law).

---

[3]Plaintiffs' prior recovery in that forum against Allied may bar any further attempts, but that is a matter for the administrative agency, not this Court, to decide.

4

## III. CONCLUSION

For the reasons stated, the Court lacks jurisdiction. This case is dismissed without prejudice to Plaintiffs' right to pursue a claim in the Missouri Division of Workers' Compensation.

IT IS SO ORDERED.


                                                    /s/ Ortrie D. Smith
                                                    ORTRIE D. SMITH, JUDGE
DATE: January 9, 2008                               UNITED STATES DISTRICT COURT

5